UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re

DAVID A. JANNEY,                                    Case Number 6:15-bk-10209-CCJ
                                                    Chapter 7

       Debtor.

_____/

<u>TRUSTEE'S OBJECTION TO DEBTOR'S AMENDED CLAIM OF EXEMPTIONS</u>

    TO:  The above-captioned Debtor and his Attorney of Record:

    Robert E. Thomas, trustee (the "Trustee"), by and through his undersigned

attorney, pursuant to 11 U.S.C. §522(l), hereby objects to the amended claim of

exemptions filed by the debtor and shows:

    1.  David A. Janney, debtor (the "Debtor"), filed a petition under Chapter 7

---

NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

    Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection within thirty (30) days from the date of service of this paper plus an additional three (3) days for service.  If you object to the relief requested in this paper, you must file your objection with the Clerk of the Court at George C. Young Federal Courthouse, 400 West Washington Street, Suite 5100, Orlando, Florida 32801 and serve a copy on Robert E. Thomas, Trustee, Post Office Box 5075, Winter Park, Florida 32793-5075 and John Henry Meininger, III, Esquire, Meininger & Meininger, P.A., Post Office Box 1946, Orlando, Florida 32802-1946.

    If you file and serve an objection within the time permitted, the Court will schedule a hearing and you will be notified.  If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice and hearing, and may grant the relief requested.

of this Title on December 3, 2015.

2.      The 11 U.S.C. §341 Meeting of Creditors was held and concluded on January 5, 2016.

3.      On January 14, 2016, the Debtor filed an Amended Schedules A, B and C (Doc. No. 13).[1]

4.      On Amended Schedule C (Doc. No. 13; Pages 10 – 11), the Debtor claims properties described as follows as exempt for their entire value pursuant to Fla.Stat. §222.21(2):

(a)      Roth IRA – Life Mark Securities Corp. ($6,500.02);

(b)      Retirement Account – Orlando Baptist Church ($21,000.00); and

(c)      Jackson National Life Insurance Company ($25,000.00).

the "Accounts".

5.      The Trustee objects to the Debtor's claim of exemption of the Accounts.

6.      The Accounts were opened in October, 2015.

7.      The source of the funds deposited into the Accounts was obtained through the transfers of funds from a non-qualified Morgan Stanley Account.[2]

8.      At the time of the transfers at issue herein, the Morgan Stanley Account and the funds held therein were not exempt or subject to exemption using Fla.Stat.

---

[1] Pursuant to F.R.B.P. 4003(b)(1), the Trustee or another party-in-interest has thirty (30) days after the conclusion of the meeting of creditors to file an objection to the list of property claimed as exempt *or within thirty (30) days after any amendment to the list or supplemental schedules is filed, whichever is later.*
[2] Although the Debtor asserts that the Morgan Stanley Account from which the Accounts were funded was created for the purpose of retirement, it was neither opened as nor changed into a tax exempt qualified account subject to exemption under Fla.Stat. §222.21(2).  The owner of the Morgan Stanley Account was "David A. Janney", the Debtor.

§222.21(2).

9.    Fla.Stat. §222.21(2) relates to plans or governing instruments that have been determined by the Internal Revenue Service to be exempt from taxation under s. 401(a), s. 403(a), s. 403(b), s. 408, s. 408(A), s. 409, s. 414. s. 457(b), or s. 501(a) of the Internal Revenue Code of 1986.

10.    As referenced above, the Accounts were opened with non-exempt funds held by the Debtor in his Morgan Stanley Account.

11.    The Debtor was insolvent at the time that the Accounts were opened.[3]

12.    The transfers of non-exempt funds from the Morgan Stanley Account into the Accounts were made with the intention to hinder, delay and defraud creditors.[4]

13.    The transfers of non-exempt funds from the Morgan Stanley Account into the Accounts were fraudulent and are avoidable pursuant to 11 U.S.C. §548 et seq. and Fla.Stat. §726 et seq.

14.    Both the Florida Statutes (Fla.Stat. §§222.29 and 222.30) and the Federal Bankruptcy Statues [11 U.S.C. §522(O)] have provisions denying the claim of exemption for property where the property was transferred or converted from non-exempt into exempt just prior to the filing of the bankruptcy case.

15.    In addition to the allegations set forth above, the Jackson National Life

---

[3] The bankruptcy schedules filed in this case and signed under penalty of perjury by the Debtor lists the total value of assets owned by the Debtor as $1,277,277.33.  The bankruptcy schedules list secured creditors with amounts owed totaling $3,550,800.00 and non-priority unsecured claims totaling $12,799,502.53 (see Doc. No. 13; Page 1).  The Debtor was also a defendant and/or judgment debtor in at least four (4) lawsuits dating from 2008 at the time that the bankruptcy case was filed (see Doc. No. 1; Page 39).

[4] Fraudulent intent may be "actual" or "constructive" as set forth in Fla.Stat. §726 et seq.

Insurance Account is "non-qualified" and is thus, not subject to exemption as provided by Fla.Stat. §222.21(2).

WHEREFORE, the Trustee moves this Court to enter its order as follows: (a) sustaining the objection; (b) denying the Debtor's claim of exemption of Accounts as set forth above; (c) ruling that the Accounts and the funds held therein are property of the bankruptcy estate pursuant to 11 U.S.C. §541(a) and are subject to administration by the Trustee; and (d) for such further relief as this Court deems just and reasonable.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by either first-class United States Mail, postage prepaid, or electronically on the 12th day of February, 2016 to:  **Debtor:**  David A. Janney, 1515 Ensenada Drive, Orlando, Florida 32825-8309; **Attorney for Debtor:**  Peter N. Hill, Esquire, Wolff, Hill, McFarlin & Herron, P.A., 1851 West Colonial Drive, Orlando, Florida 32804; **Trustee:**  Robert E. Thomas, Trustee, Post Office Box 5075, Winter Park, Florida 32793-5075; and **UST:** Office of United States Trustee, George C. Young Federal Courthouse, 400 West Washington Street, Suite 1100, Orlando, Florida 32801.

Dated: February 12, 2016.

/s/John Henry Meininger, III
John Henry Meininger, III, Esquire
Meininger & Meininger, P.A.
Post Office Box 1946
Orlando, Florida 32802-1946
Telephone (407) 246-1585
E-mail:  john@meiningerlaw.com
Florida Bar No. 0881775
Attorney for Trustee